IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| SMITH BROWNLEE | § | |
| v. | § | CIVIL ACTION NO. 5:07cv106 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Smith Brownlee, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil action complaining of alleged violations of his rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Brownlee names TDCJ-CID Director Nathaniel Quarterman and Dr. Reginald Stanley.

Brownlee complains of the failure to provide him with dentures. The Court ordered the Defendants to answer, and a motion for summary judgment was filed. On November 5, 2008, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted. Brownlee received a copy of this Report on November 10, 2008, but filed no objections thereto; instead, on December 1, 2008, he filed a response to the motion for summary judgment.

Even construing Brownlee's response as objections to the Magistrate Judge's Report, it is apparent that this response is without merit. He says that Quarterman failed to provide adequately trained dental staff and had him removed from the Telford Unit in order to evade responsibility for providing him with dentures; he says that Quarterman is responsible for all of the acts of his subordinates. Brownlee's response makes no mention of Dr. Stanley.

1

The Magistrate Judge correctly concluded that Brownlee failed to show any basis for liability on the part of Nathaniel Quarterman, the TDCJ-CID Director. Supervisory liability does not apply in Section 1983 cases, outside of very limited circumstances which do not exist in this case. *See* Thompkins v. Belt, 828 F.2d 298, 300-01 (5th Cir. 1987). In this case, the summary judgment evidence shows that the policies regarding the provision of dentures were not implemented by Quarterman and that Quarterman could not change or alter these policies. Instead, these policies were implemented by the Correctional Managed Health Care Committee, of which Quarterman is not a member. The Magistrate Judge noted that although Brownlee says that Quarterman should have contracted with another agency, one that could provide prisoners with necessary care, the Plaintiff wholly failed to show that Quarterman had the authority to do so, in the face of the Legislature's creation of the Correctional Managed Health Care Committee. Nor did Brownlee show that Quarterman had any personal knowledge of his condition, nor any causal connection between Quarterman's conduct and a constitutional deprivation  Furthermore, the summary judgment evidence showed that the medical staff at the prison are not employees of the Texas Department of Corrections, but rather of the University of Texas Medical Branch, and so the Magistrate Judge correctly concluded that Quarterman could not have ordered the dental staff to provide Brownlee with dentures.

The Magistrate Judge also concluded that Brownlee failed to show that Dr. Stanley was deliberately indifferent to his medical needs. As noted above, Brownlee did not object to the Magistrate Judge's conclusion in this regard. The Court has reviewed the Magistrate Judge's conclusions in this regard and has determined that they are correct. Brownlee's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 21) is GRANTED and that the above-styled civil action is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 7th day of January, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE